**Loren L. Lunsford, OSB No. 03229**
loren.lunsford@lunsfordlegal.com
**LUNSFORD LEGAL GROUP**
908 Ninth Street, 16th Floor
Sacramento, CA 95814
Telephone: (916) 692-8621


Attorneys for Defendant
Original Doggear, ApS


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| RUFF WEAR, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORIGINAL DOG GEAR, ApS<br><br>Defendant. | Case No. 6:14-cv-00376-MC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ORIGINAL DOGGEAR, ApS' MOTION TO QUASH SERVICE OF PROCESS AND DISMISS THE COMPLAINT**<br><br>Pursuant to Fed.R.Civ.P. 12(b) |

MOPA IN SUPPORT OF 12(b) MOTION
  Page i

# TABLE OF CONTENTS

TABLE OF CONTENTS.....................................................................................ii

TABLE OF AUTHORITIES............................................................................ iii

I.   INTRODUCTION ...................................................................................... 1

II.  ARGUMENT ............................................................................................... 2

   A.  THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF PROPER SERVICE OF SUMMONS ................................................................................................. 2

   B.  SERVICE OF THE COMPLAINT FAILED TO COMPLY WITH THE REQUIREMENTS OF THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS. ........................... 3

   C.  THE COURT SHOULD DISMISS THIS ACTION BECAUSE THE DEFENDANT IS NOT SUBJECT TO PERSONAL JURISDICTION IN OREGON. ....................................... 5

     1.  *Defendant Lacks Continuous and Systematic Contacts with Oregon.* ................ 6

     2. *There is No Specific Jurisdiction in Oregon.* ......................................................... 7

III. CONCLUSION.......................................................................................... 13

*LUNSFORD LEGAL GROUP*
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

## TABLE OF AUTHORITIES

**CASES**

*Albany Insurance Co. v. Rose-Tillman, Inc.*
883 F. Supp. 1459 (D. Or. 1995)........................................................ 7, 8

*Anaeme v. U.S.*
No. 3:12-cv-418-ST, 2012 WL 1282169 (D. Or. Mar. 14, 2012) ......... 10

*Baker v. Foy*
310 Or. 221 (1990) .................................................................................. 3

*Bancroft & Masters, Inc. v. August Nat'l, Inc.*
223 F.3d 1082 (9th Cir. 2000) ................................................................. 6

*Boschetto v. Hansing*
539 F.3d 1011 (9th Cir. 2008) ........................................................... 8, 11

*Burger King Corp. v. Rudzewicz*
471 U.S. 462, 105 S.Ct. 2174, (1985) ................................................. 8, 9

*Cardenas v. City of Chicago*
646 F.3d 1001(7th Cir. 2011) ................................................................. 4

*Core-Vent Corp. v. Nobel Industries*
11 F.3d 1482 (9th Cir. 1993) ........................................................... 11, 12

*Edwards v. Edwards*
310 Or. 672 (1990) .................................................................................. 3

*Fed. Deposit Ins. Corp v. British- American Ins. Co., Ltd.*
828 F.2d 1439 (9th Cir. 1987) ................................................................. 9

*Glencore Grain Rotterdam B. V. v. Shivnath Rai Harnarain Co.*
284 F.3d 1114 (9th Cir. 2002) ................................................................. 6

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA 95814
PHONE: 916.492.8621

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
     131 S. Ct. 2846; 180 L. Ed. 2d 796 (2011) ................................................ 6

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*
     988 F.2d 476 (3d Cir. 1993) ...................................................... 4

Hanson v. Denckla
     357 U.S. 235 (1958) ................................................................. 9

*Helicopeteros Nacionales de Colombia, S.A. v. Hall*
     466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ............................ 6

*HK China Group, Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*
     417 Fed. Appx. 664 (9th Cir. Mar. 2, 2011) ........................................ 9

*Home Poker Unlimited, Inc. v. Cooper*
     No. 09- CV-460-BR, 2009 WL 5066653 (D. Or. Dec. 15, 2009) .......... 11

*International Shoe Co. v. Washington*
     326 U.S. 310 (1945) ................................................................. 6

*KVOS, Inc. v. Assoc. Press*
     299 U.S. 269 (1936) ................................................................. 5

*McGlinchy v. Shell Chemical Co.*
     845 F.2d 802 (9th Cir. 1988) ...................................................... 9

*Menken v. Emm*
     503 F.3d 1050 (9th Cir. 2007) .................................................... 11

*Murphy v, Price*
     131 Or.App. 693 (1994) ............................................................ 3

*Raffaele v. Compagnie Generale Maritime*
     707 F.2d 395 (9th Cir. 1983) ...................................................... 5

*Schwarzenegger v. Fred Martin Motor Co.*
     374 F.3d 797 (9th Cir. 2004) ..............................................passim

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

*Sher v. Johnson*
            911 F.2d 1357 (9th Cir. 1990) .................................................................... 9

**STATUTES**

FRCP 12(b)(2) ........................................................................................................ 5

ORCP 4 ……. ......................................................................................................... 5

ORCP 7(D)(1) ........................................................................................................ 2

ORCP 7C(1)(a) ...................................................................................................... 3

ORCP 7C(3)(a) ...................................................................................................... 3

ORCP 7C(b) .......................................................................................................... 3

**OTHER AUTHORITIES**

Hague Convention, Art. 1 ...................................................................................... 4

Hague Convention, Art. 10 .................................................................................... 4

Hague Convention, Arts. 2-7 ................................................................................. 4

*LUNSFORD LEGAL GROUP*
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

## I.  <u>INTRODUCTION</u>

Plaintiff Ruff Wear, Inc., ("**Ruff Wear**" or "**Plaintiff**") filed a complaint against defendant Original Doggear, ApS, ("**Original** Doggear" or "**Defendant**") in the Circuit Court of Oregon for the County of Deschutes, Case No. 13CV1435.    On February 12, 2014, in Denmark, Original Doggear was served the documents attached to the Declaration of Kjell Arne Engeseth ("**Engeseth Decl.**") as Exhibit A.  See Engeseth Decl., ¶ 1.  Original Doggear has never been served with a summons.  See Engeseth Decl., ¶ 3.  The only document served on Original Doggear that was translated into the Danish language was the complaint, not including the exhibits attached to the complaint.  See Engeseth Decl., ¶ 3.

Because Original Doggear was not served with a summons and because the means of service did not comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("**Hague Convention**"), Original Doggear respectfully requests that this Court quash the service of process and dismiss this matter against Original Doggear.

Additionally, Original Doggear requests this Court to dismiss the Complaint against it pursuant to Fed. R. Civ. 12(b)((2) because the State of Oregon lacks personal jurisdiction over it.  Original Doggear is a Danish entity that maintains its principal place of business in the Kingdom of Denmark.  See Engeseth Decl., ¶ 6.  Original Doggear has no physical presence in the State of Oregon; does not having employees in the State of Oregon; has never directed any marketing efforts toward the State of Oregon; has never filed taxes in the State of Oregon; does not maintain any property, addresses, or bank accounts in the State of Oregon; has never registered to do business in the State of Oregon; and has not designated an agent for service of process in the State of Oregon.  See Engeseth Decl., ¶¶ 7 & 8.

The Distribution Agreement ("**Agreement**") that is the subject of the Complaint was negotiated and executed over two days in Thailand, where Original Doggear's Director, Kjell Arne Engeseth, was visiting on a business trip.  See Engeseth Decl., ¶ 8.  Representatives of

Ruff Wear met up with Mr. Engeseth in Thailand to negotiate the final terms of the Agreement and to execute it. *Id*.

## II.    ARGUMENT

### A.    The Court Should Dismiss the Complaint for Lack of Proper Service of Summons

This is a diversity action removed from the Circuit Court of Oregon for the County of Deschutes pursuant to a Notice of Removal filed on behalf of Original Doggear.  Accordingly, Oregon State law is the operative substantive law regarding sufficient and proper service of process.

Oregon Rules of Civil Procedure provide that "Summons shall be served, either within or without this, state in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend."  ORCP 7(D)(1).  Oregon Rules of Civil Procedure further provide for the substance of the summons required to be served on a defendant.  Generally, the summons must contain the title of the action, a direction that the defendant is required to appear and defend within an applicable time period, notice if the defendant fails to appear, plaintiff will apply for the relief defended, and the following notice printed in type size equal to at least 8-point type:


NOTICE TO DEFENDANT

READ THESE PAPERS

CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the

MOPA IN SUPPORT OF 12(b) MOTION
 Page 2

court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

See ORCP 7C(1)(a), ORCP 7C(b), and ORCP 7C(3)(a).

Although Oregon Rules of Civil Procedure Rule 7G directs the court to "disregard any error in the * * * service of the summons that does not materially prejudice the substantive rights of the party against whom summons was issued," "[a]dequate service . . . 'is, itself, a prerequisite to disregarding errors in the content or service of a summons under the authority of the second sentence of ORCP 7G." *Murphy v, Price*, 131 Or.App. 693, 699 (1994), *citing Edwards v. Edwards*, 310 Or. 672, 681 (1990).

The Circuit Court of Oregon, and this Court sitting in diversity, is without jurisdiction where a proper summons apprising the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend was not served on a defendant. "Under ORCP 4, an Oregon court does not have jurisdiction over a defendant unless there is service of summons pursuant to ORCP 7." *Baker v. Foy*, 310 Or. 221, 224 (1990).

Because no summons was served on Original Doggear, this court is without jurisdiction over the Defendant.  Accordingly, Original Doggear respectfully requests this Court to dismiss the action against it.

**B.**    **Service of the Complaint Failed to Comply with the Requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.**

According to its own terms, the Hague Convention "shall apply in all cases, in civil or

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."  Hague Convention[1], Art. 1.  Both the United States and Denmark are signatories to the Hague Convention.

The Hague Convention provides for various "channels" by which service of judicial and extrajudicial documents may be served abroad.  The main channel of service is through a Central Authority designated by the Contracting State within which service is to be accomplished.  *See* Hague Convention, Arts. 2-7.  Under the main channel of transmission provided for by the Hague Convention, the authority or judicial officer competent under the law of the requesting State transmits the document to be served to a Central Authority of the requested State.  *Id*.  In the United States, the Justice Department is formally the Central Authority, but has outsourced the activities conducted by the Central Authority to a private process server company (*Process Forwarding International*).  *See* Declaration of Loren Lunsford, Exhibit B.

Alternative channels by which service is authorized under the Hague Convention include consular and diplomatic channels, postal channels, and direct communication between "judicial officers, officials or other competent person."  *See* Hague Convention, Art. 10.

The burden is on the plaintiff to establish the validity of service.  *Cardenas v. City of Chicago* (7th Cir. 2011) 646 F.3d 1001, 1005; *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.* (3d Cir. 1993) 988 F.2d 476, 488.

The Defendant is not aware of the particular method of service used by the Plaintiff other than a Danish process server handed the documents attached to the Engeseth Decl. as Exhibit A to Mr. Engeseth.  However, simply being handed documents by a process server in a Contracting State does not comply with the requirements of the Hague Convention if the documents were not transmitted abroad through one of the authorized channels.  In order for

---

[1] A true and correct copy of the Hague Convention is attached to the Declaration of Loren Lunsford as Exhibit A.

MOPA IN SUPPORT OF 12(b) MOTION
 Page 4

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

a Danish process server to effectuate service of the documents, the documents must have been transmitted through the Central Authority in the United States to the Central Authority in Denmark.

Because service of process was not effectuated in accordance with the Hague Convention, Original Doggear requests that this Court quash the service of process and dismiss this matter.

C.    **The Court Should Dismiss this Action Because the Defendant is not Subject to Personal Jurisdiction in Oregon.**

The Court should dismiss this complaint because Defendant Original Doggear is not subject to personal jurisdiction in Oregon.  *See* FRCP 12(b)(2) (providing the Court with authority to dismiss the complaint for lack of personal jurisdiction).

Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936) (explaining that plaintiff bears the burden of establishing jurisdiction when it is challenged by a defendant). Under Oregon law, the personal jurisdiction analysis turns on whether exercising personal jurisdiction comports with federal principles of due process. *See Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 396 (9th Cir. 1983) ("Oregon's long-arm statute, Rule 4 … has been interpreted to confer jurisdiction 'to the outer limits' of due process."); *see also* ORCP 4 (conferring personal jurisdiction in line with federal due process).

Therefore, in compliance with federal principles of due process, Plaintiff must establish that Defendant either has continuous and systematic contacts with Oregon that are sufficient to establish general jurisdiction, or that the underlying dispute arises out of forum-related activities that are sufficient to establish specific jurisdiction for this particular matter. *See Raffaele*, 707 F.2d at 396-97.  Plaintiff cannot establish personal jurisdiction over the Defendant

MOPA IN SUPPORT OF 12(b) MOTION
 Page 5

in the matter at bar because it does not have sufficient contacts with Oregon to justify general jurisdiction and the lawsuit does not arise out of any contacts that the Defendant had with this forum.

### 1. Defendant Lacks Continuous and Systematic Contacts with Oregon.

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence in the forum state.'" *Schwarzenegger*, 374 F.3d at 801 (*quoting Helicopeteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (citations omitted); *Bancroft & Masters, Inc. v. August Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851; 180 L. Ed. 2d 796, 803 (2011) (requiring contacts that are "so 'continuous and systematic' as to render them essentially at home in the forum State") (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)) (requiring contacts that are "so 'continuous and systematic' as to render them essentially at home in the forum State").  Merely engaging in commerce with residents of the forum state is not sufficient to meet the "fairly high" threshold of establishing general jurisdiction.  *Bancroft & Masters, Inc. v. August Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Generally, a court will not find general jurisdiction where, as here, defendants do not own property, keep bank accounts, have employees or offices, or solicit business in the forum state.  See, e.g., *Helicopteros*, 466 U.S. at 416; *Glencore Grain Rotterdam B. V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124-25 (9th Cir. 2002).

In a matter similar to the one at bar, this District concluded that there was nothing in the record to suggest that the defendants engaged in substantial or continuous activities sufficient to confer general jurisdiction, where, as here, defendants were not licensed to do business in Oregon, did not maintain offices or employees in Oregon, did not own property or pay taxes in Oregon.  See *Albany Insurance Co. v. Rose-Tillman, Inc.*, 883 F. Supp. 1459, 1462-63

MOPA IN SUPPORT OF 12(b) MOTION
 Page 6

(D. Or. 1995).

The complaint does not provide any factual allegations to support an assertion that Original Doggear regularly conducts business in Oregon.  In fact, various allegations of the complaint contradict that assertion.  For example, the complaint admits the Defendant is a Danish corporation not licensed to do business in Oregon.  See Complaint at ¶ 1.  Indeed, Defendant lacks the type of continuous and systematic general business contacts in Oregon that would "approximate physical presence" and subject it to general jurisdiction.

Defendant is a Danish entity that maintains its principal place of business in Denmark. See Complaint at ¶ 1; Engeseth Decl. at ¶ 6.  Defendant has no physical presence in the State of Oregon.  *Id*.  Defendant does not have any employees in the State of Oregon and also do not maintain an office there.  *Id*.  Defendant has never directed any marketing efforts toward the State of Oregon in the form of advertising or otherwise.  See Engeseth Decl. at ¶ 7.  Defendant has also never filed any taxes in Oregon; does not maintain any property, addresses or bank accounts there; have never registered to do business there; and has not designated an agent for service of process in the state. *Id*. In sum, Defendant lacks the type of contacts that would approximate physical presence and confer general jurisdiction in the State of Oregon.

**2. There is No Specific Jurisdiction in Oregon.**

Just as Plaintiff's complaint is devoid of any sufficient to establish general jurisdiction, the complaint is devoid of any allegations that would establish specific jurisdiction in this matter.  Indeed, there are no such facts that could support the exercise of specific jurisdiction over the Defendant.

The Ninth Circuit, including courts in this District, employs a three-part test to determine the existence of specific jurisdiction.  *See Albany Insurance Co. v. Rose-Tillman, Inc.*, 883 F. Supp. 1459, 1464 (D. Or. 1995); *Schwarzenegger*, 374 F.3d at 802 (recounting the three-part test).  Specifically, in order to exercise specific jurisdiction, Plaintiff must establish that: (1) "[t]he non-resident defendant purposefully direct his activities or consummate some

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" and (2) the claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802; *Albany Insurance Co.*, 883 F. Supp. at 1464. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802; *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed."). Even if the plaintiff establishes both prongs one and two, specific jurisdiction does not exist under the third factor where the defendant establishes that the exercise of jurisdiction would not be reasonable. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S.Ct. 2174, (1985)).

### a. Defendants have Not Purposefully Availed Themselves of the Privilege of Conducting Activities in Oregon.

Where, as here, Plaintiff's complaint is predicated upon the breach of an agreement, the Ninth Circuit undertakes a "purposeful availment" analysis to determine whether the Defendant has benefited from the privilege of doing business in the forum state under the first prong of the specific jurisdiction analysis. *Schwarzenegger*, 374 F.3d at 802-03 (explaining that the purposeful availment analysis applies to contract cases, while a purposeful direction inquiry ordinarily applies to tort matters).

Plaintiff's only causes of actions in the matter at bar are based directly on Oringial Doggear's alleged breach of the Agreement by failing to pay for inventory purchased under the Agreement and by failing to cease and desist utilizing Plaintiff's intellectual property. *See* Complaint at ¶¶ 4-5. Accordingly, the Court should apply a "purposeful availment" analysis to determine whether the Defendant has purposefully availed itself of the privilege of conducting business in Oregon.

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

"It is well settled that [t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  In *McGlinchy*, the Ninth Circuit held that the plaintiff's claim that it performed 90% of its activities under the contract in the forum state did not meet the purposeful availment test, because "[a plaintiff's] performance in California cannot give jurisdiction over ... [a nonresident defendant]; it is [a defendant's] activity that must provide the basis for jurisdiction." *Id*. at 816-17.

Rather, the purposeful availment analysis turns on an analysis of the defendant's conduct, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).  In that regard, an out-of-state party does not subject itself to jurisdiction in a forum merely by entering into a contract with a forum resident under the purposeful availment test. *Rudzewicz*, 471 U.S. at 478; *Fed. Deposit Ins. Corp v. British- American Ins. Co., Ltd.*, 828 F.2d 1439, 1443 (9th Cir. 1987) ("It is clear that a contract alone is not sufficient to establish purposeful interjection into a forum state.").  Even conduct that goes far beyond merely entering into an agreement with the forum plaintiff is often not sufficient to establish such purposeful availment.  In *British-American Ins. Co., Ltd.*, the Ninth Circuit concluded that the defendant had not purposefully injected itself into the forum state where, despite dispatching an agent to pick up a check from the forum state, the subject of the contract was not in the forum and the matter was not subject to the law of the forum state.  See *British-American Ins. Co., Ltd.*, 828 F.2d at 1443.  Similarly, the Ninth Circuit more recently upheld the dismissal of a contract case for lack of jurisdiction in a forum state, even though the defendant had traveled to meet the plaintiff in the forum state multiple times.  *See HK China Group, Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 Fed. Appx. 664, 666 (9th Cir. Mar. 2, 2011) (unpublished); see also *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) (three visits to the

forum state in connection with a contracted engagement do not constitute purposeful availment).

Plaintiff's complaint incorrectly asserts that the "Agreement provides that jurisdiction and venue for any suit to enforce this Agreement is in Oregon", while at the same time attaching the Agreement as an Exhibit that provides for no such provision.  *See* Complaint, ¶ 7; Complaint, Exhibit 1.  The Agreement does include a choice of law provision stating Oregon law shall apply, but a choice of law provision does not convey jurisdiction or venue.  While Original Doggear does have an Agreement with the Plaintiff, which happens to be an Oregon-based entity, at no point in time did Original Doggear perform any services under the Agreement in the State of Oregon.  See Engeseth Decl. at ¶ 9.  In fact, the Agreement, being an exclusive distribution agreement, set forth the territory within which Original Doggear would be providing its services, namely, Austria, Belgium, Denmark, Finland, Germany, The Netherlands, Norway, Sweden, and Switzerland.  Complaint, Exhibit 1, p. 12, ¶ 1.  In sum, Original Doggear undertook no performance whatsoever in the State of Oregon, and the Plaintiff's claims are solely based on conduct that allegedly took place in Denmark.

Dismissal is proper here because Plaintiff "fails to allege any act or conduct by [the] defendant in Oregon," and it is therefore "clear from the face of the Complaint that this court lacks personal jurisdiction over all of the Danish defendant."  *Anaeme v. U.S.*, No. 3:12-cv-418-ST, 2012 WL 1282169, at * 5 (D. Or. Mar. 14, 2012).[2]

### b. Plaintiff's Claims Arise Out of Activities in Denmark.

The second requirement for specific jurisdiction is that the claim must arise out of or relate to the defendant's forum-related activities.  *Schwarzenegger*, 374 F.3d at 802.  There can be no specific jurisdiction without establishing such a connection.  Under this prong, the Ninth

---

[2] Although not published, this decision and all subsequent unpublished decisions that are cited herein are citable pursuant to Federal Rule of Appellate Procedure 32.1, which allows for the citation of unpublished decisions issued after January 1, 2007.

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

Circuit employs a "but for" test, which requires the plaintiff to show that but for the defendant's forum-related contacts, the asserted claims would not have arisen. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007); *Home Poker Unlimited, Inc. v. Cooper*, No. 09- CV-460-BR, 2009 WL 5066653, at *7 (D. Or. Dec. 15, 2009) ("Thus, Plaintiff must establish it would not have been injured "but for" Defendants' activities in Oregon.").

Plaintiff does not and cannot establish that its claims arose out of any activities that were engaged in by the Defendant in Oregon.  As described above, Plaintiff's claims are based on an Agreement that Original Doggear was negotiated and executed in Thailand, and performed in Denmark or other European countries. *See* Engeseth Decl. at ¶ 8, Complaint, Exhibit 1, p. 11 (Schedule 1).

### c. Exercising Jurisdiction in Oregon is Unreasonable.

Even assuming arguendo that Plaintiff could establish both the Defendant purposely availed itself of the benefit of doing business in Oregon and that its claims arise out of activities in Oregon, which it cannot, the Court should still dismiss for lack of specific jurisdiction because it would be unreasonable to subject the Danish Defendant to jurisdiction in Oregon for several reasons.

If the first two factors of the specific jurisdiction test are met, the Court then examines whether it would be reasonable to exercise jurisdiction over the Defendant based on a balancing of the following seven factors: (1) the extent of the defendants' purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (5) the forum state's interest in adjudicating the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  See *Core-Vent Corp. v. Nobel Industries*, 11 F.3d 1482, 1487-88 (9th Cir. 1993); *see also Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger*, 374 F.3d at 802) ("If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

would not be reasonable.").  "None of the factors is dispositive in itself; instead, we must balance all seven."  *Id*. at 1488.  Indeed, a balancing of the factors militates against subjecting the Danish Defendant to jurisdiction in Oregon.

The exercise of jurisdiction over the Defendant in Oregon is not reasonable, based on several factors including because Defendants have not engaged in any conduct that approaches purposeful availment in the forum.  *See Core-Vent*, 11 F.3d at 1488 ("[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.").  It would be burdensome to require the Danish Defendant to deal with this dispute in Oregon, where they have no presence, because they have not engaged in any activity in the state, and Original Doggear agreed to provide services to the Plaintiff in Denmark and other European countries.  Also, prior to Plaintiff filing the present action in Oregon, Original Doggear filed a lawsuit against Ruff Wear in Denmark, which action is still pending.  The fact that a previously filed lawsuit is currently pending in an alternate forum involving the same parties and involving the same Agreement mitigates against the reasonableness of requiring the Defendant from defending this action in Oregon.

It would therefore not be reasonable to exercise jurisdiction over the Defendant in Oregon because, while several of the relevant factors militate against exercising such jurisdiction, none of the factors provide support for such jurisdiction.

Therefore, all three of the factors relevant to the specific jurisdiction analysis militate towards the lack of personal jurisdiction over the Danish Defendant.  Because Plaintiff fails to establish either general or specific jurisdiction over Original Doggear, the Court should proceed by dismissing the complaint in its entirety for lack of personal jurisdiction.

**LUNSFORD LEGAL GROUP**
980 NINTH STREET, 16TH FLOOR
SACRAMENTO, CA  95814
PHONE:  916.492.8621

### III.    CONCLUSION

Based on the foregoing, the Court should: (1) dismiss the Plaintiff's complaint for lack of service of a summons and lack of proper service; and (2) dismiss Plaintiff's complaint for lack of personal jurisdiction.

LUNSFORD LEGAL GROUP


By:    /s/ Loren L. Lunsford
            LOREN L. LUNSFORD
            Attorneys for Defendant
            Original Doggear, ApS